In the case of Stevens v. Enquirer, 13 O. D., 235, decided November 7, 1902, by the Superior Court of Cincinnati, it was held that this very arrangement did not violate any statute of Ohio. In that case the plaintiff sued for his fifty cents back, and also prayed that a receiver be appointed to take possession of the fund then in possession of the defendant. In a long and well considered opinion, Judge Eufus B. Smith, sitting in special term, held that the action was not within the jurisdiction of the superior court, because the suit was for only fifty cents, and that for this reason, as well as for some others, a demurrer to the petition ought to be sustained; but so far as the “guessing contest” itself was concerned, the learned court held that such a transaction was not within the condemnation of the statutes of Ohio against lotteries, gambling, wagering or betting.
This case was taken to general term, and there the decision of the learned judge sitting in special term was affirmed; but two of *207 the three members of the bench sitting in general term affirmed the decision solely because the amount sued for was not within, the jurisdiction of the superior court, and both expressed the opinion that the transaction was illegal. No opinion was handed down by the general term, but Judge Dempsey, one member of the bench, expressed the opinion that the so-called guessing contest was a scheme of chance; while the writer of this opinion, who, as a common pleas judge, was sitting as one of the bench in general term, expressed the opinion that the transaction was a bet.
The opinion expressed then that the transaction was a bet is still the opinion of this court. It will not be worth while now to write an extended opinion, because that case is now pending-in the Supreme Court of Ohio; but it seems to this court that in this transaction the plaintiff bet fifty cents that he could do a thing, and the defendant bet ten thousand dollars that he could not — the defendant to be the stakeholder. The demurrer in this case has been submitted without argument and without authorities, and the court will not undertake to cite any cases, but the court has a list of authorities which were cited in the case before the general term of the superior court by counsel engaged in that case. The able counsel for the defendant in this case was also counsel for the defendant in that ease; and while he now thinks this petition demurrable, there were a number of cases cited by him in the other trial which gave reasons for holding that various transactions which appear on their face to be wagers were not in fact wagers. For instance, it was held in 81 N. Y., 532, 549, and some other cases cited then, that if the money paid in by the plaintiff and others goes into the general treasury of the corporation pending the outcome of the event which is to decide the ownership of the money, instead of being put into a separate place by itself, then the transaction is not a wager; and there were some other distinctions equally as fine made by counsel in that case as distinguishing between wagers and what were called legitimate transactions which seem to be very like wagers. But this court has never been able to see that any weight ought to be attached to *208 such distinctions; and furthermore, it is the opinion of this court that in cases like we have here, it is not the province of a court of justice to search for subtle reasons for holding that the transaction is a legal one.
Norwood J. Utter, for plaintiff.
Alex. Murry, Jr., for defendant.
The demurrer will be sustained, on the ground that this transaction is a wager between the plaintiff and defendant, and is in violation of Section 4269, Revised Statutes. The plaintiff is- not even entitled to recover back his fifty cents, because the common pleas court has no jurisdiction in suits for that amount, although, under Section 4370, a loser may recover money lost on account of a wager.